UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:05-CR-64 |
| | ) | |
| DANA P. GREGORY | ) | |

**O R D E R**

A jury convicted the defendant of several charges: being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1), possession with the intent to distribute Oxycodone, *see* 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of a drug trafficking offense, *see* 18 U.S.C. § 924(c)(1)(A)(i), possession of a machine gun in furtherance of a drug trafficking offense, *see* 18 U.S.C. § 924(c)(1)(B)(ii), possession of a machine gun, *see* 18 U.S.C. §§ 922(o), 924(a)(2), and possessing contraband in prison, *see* 18 U.S.C. § 1791(a)(2), (b)(3). The jury also rendered a special verdict in connection with Count 4, possession with the intent to distribute Oxycodone, finding that the property listed in Count 4 of the Third Superseding Indictment was subject to forfeiture.

The defendant has filed a motion with this Court seeking to stop the

forfeiture of this property, [Doc. 158]. The defendant states that the reasons the property should not be forfeited are because the drugs involved in this conviction were actually owned by another person, who is serving a state sentence related to these drugs, and because the defendant's federal case was not fully adjudicated.

First, this Court notes that the Sixth Circuit Court of Appeals appointed counsel to represent the defendant on appeal. However, the defendant filed this *pro se* motion in this Court while represented by counsel and while his appeal is still pending in the Sixth Circuit. Second, the defendant for the first time asserts that the drugs for which he was convicted belonged to Nathan McNew and that McNew is currently serving a state sentence in connection with these drugs. Moreover, the defendant's motion only contains a conclusory statement to this effect. The issue is without merit.

Finally, regarding the defendant's argument that his property should not be seized because his case "has not been full adjudicated," he has filed a Notice of Appeal with the Sixth Circuit Court of Appeals, and it is currently pending before that court. To the extent that the defendant's motion could be construe as a motion to stay the forfeiture while his appeal is pending, this Court declines to issue that order. Although the Sixth Circuit has not addressed this issue, the First Circuit has held that the district court has jurisdiction to decide a forfeiture matter even while the

underlying criminal conviction is on appeal. *See United States v. Hurley*, 63 F.3d 1, 23-24 (1st Cir. 1995), *cert. denied* 517 U.S. 1105 (1996); *see also United States v. Messino*, 907 F. Supp. 1231, 1233 (N.D. Ill. 1995). In addition, the First Circuit further stated that if the appellate court overturned the underlying conviction, then the forfeiture order could be overturned or undone. *Hurley*, 63 F.3d at 24.

As such, this Court declines to issue a stay. Furthermore, the jury found that the property was subject to forfeiture. Thus, unless the Sixth Circuit overturns the defendant's conviction, the property is subject to forfeiture in line with the jury's verdict. Accordingly, the defendant's motion, [Doc. 158], is hereby **DENIED**.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
